UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-23213-CV-BLOOM/OTAZO-REYES

YARIBEL RABELO-RODRIGUEZ,
*et al.*,

    Plaintiffs,

v.

UNITED STATES SECRETARY
OF HOMELAND SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiffs Yaribel Rabelo-Rodriguez, et al.'s ("Plaintiffs") Motion for Preliminary Injunction [D.E. 4] and Defendant Alejandro Mayorkas, in his official capacity as the United States Secretary of Homeland Security's ("Defendant") Motion to Strike Those Portions of Plaintiffs' Reply Memorandum Which Seek Relief Beyond that Sought in their Original Motion for a Preliminary Injunction (hereafter, "Motion to Strike") [D.E. 23]. These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 5]. The undersigned held a hearing on these matters on October 8, 2021, and a Status Conference regarding the pendency of the Motion for Preliminary Injunction on October 27, 2021 [D.E. 27, 37]. For the reasons stated below, the undersigned respectfully recommends that Defendant's Motion to Strike be GRANTED and that Plaintiffs' Motion for Preliminary Injunction be DENIED.

## PROCEDURAL BACKGROUND

Plaintiffs are Cuban nationals who applied to the United States Citizenship and Immigration Services ("USCIS") for adjustment of status to permanent residence under the Cuban

Adjustment Act of 1996 ("CAA"). See Motion for Preliminary Injunction [D.E. 4 at 1]. On October 12, 2021, Plaintiffs filed a Motion for Class Certification, which Defendant opposed on November 2, 2021, and to which Plaintiffs replied on November 9, 2021 [D.E. 32, 38, 44]. On October 15, 2021, Plaintiffs filed an Amended Class Action Complaint for Declaratory and Injunctive Relief ("Amended Complaint"), adding 22 new named Plaintiffs. See Am. Compl. [D.E. 33].[1]

> In their amended pleading, Plaintiffs allege that:
>
> Following the conclusion of the special parole program for Cuban nationals that was implemented in conformance with 8 U.S.C. § 1225(b)(1)(F)—colloquially referred to as the "wet-foot/dry-foot policy"—the Department of Homeland Security continued to release Cuban nationals into the United States without keeping them in mandatory detention under §§ 1225(b)(1) and (b)(2). But rather than document their parole into the United States under § 1182(d)(5), the Department purported to "conditionally parole" these Cuban nationals into the United States under § 1226(a) as a method to preclude them from obtaining the benefits that Congress has historically offered to Cuban nationals under the Cuban Refugee Adjustment Act of 1966 (CAA), Pub. L. No. 89-732, 80 Stat. 1161 (as amended).
>
> Many Cuban nationals who find themselves in this situation are currently in immigration limbo, left with no path to legal status or work authorization, often still awaiting the commencement of removal proceedings for years after having entered the United States. In fact, many will not even be subject to physical removal under the current Migration Accords.

See Am. Compl. [D.E. 33 at 6].

Plaintiffs further allege that, as a result of their release from custody by the Department of Homeland Security ("DHS") even though they were deemed inadmissible applicants for admission, "they have been paroled as a matter of law [which makes them] eligible for adjustment

---

[1] On October 10, 2021, the Court authorized the addition of new named Plaintiffs to the action and required the filing of an amended pleading. See Paperless Order [D.E. 30]. At the October 27, 2021 Status Conference, the undersigned deemed the Motion for Preliminary Injunction to have been brought by all named Plaintiffs listed in the Amended Complaint. See Paperless Minute Entry [D.E. 37].

2

of status under Section 1 of the [CAA]." Id. at 72.[2]  According to Plaintiffs, USCIS has committed legal error in its handling of Plaintiffs' applications for adjustment of status pursuant to the CAA because: "(1) the immigration statutes, as interpreted by the Supreme Court in *Jennings* v. *Rodriguez*, 138 S. Ct. 830 (2018), mandate that an inadmissible applicant for admission may only be released from DHS custody pursuant to the parole authorized established by 8 U.S.C. § 1182(d)(5); and (2) [USCIS failed] to give reasoned consideration to the plaintiffs' arguments made in reliance upon *Jennings* v. *Rodriguez*." Id.

Plaintiffs predicate their Motion for Preliminary Injunction solely on the All Writs Act, 28 U.S.C. § 1651, and seek to enjoin Defendant "from unilaterally reopening [their] applications for permanent residence without an agreement between the parties until the Court has had an opportunity to decide whether a class should be certified in this case." See Plaintiffs' Motion for Preliminary Injunction [D.E. 4 at 5].  Plaintiffs contend that, absent injunctive relief, Defendant "may seek to unilaterally moot this case by reopening the plaintiffs' applications (and maybe even approving them thereafter) in order to prevent class-wide relief by sweeping this case under the proverbial rug." Id. at 6.

On September 20, 2021, the parties filed a Joint Stipulation to Temporary Restraining Order ("Stipulation") whereby Defendant agreed that it "will refrain from unilaterally reopening any of the Plaintiffs' applications for permanent residence until the Court issues a final ruling on the Plaintiffs' Preliminary Injunction Motion." See Stipulation [D.E. 12 at 1-2].

On November 4, 2021, the parties filed a Joint Motion and Stipulation to Drop Certain Parties ("Second Stipulation") as to twenty of the initial twenty-one named Plaintiffs in the case, whereby Defendant "will proceed to reopen said plaintiffs' applications for permanent residence in order to proceed

---

[2] "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A).

3

with a new adjudication of each plaintiffs' application according to their individualized merits." See Second Stipulation [D.E. 39 at 2]. By its terms, the Second Stipulation does not apply to twenty-three of the forty-three named Plaintiffs in the Amended Complaint. Compare Second Stipulation [D.E. 39 at 1-2] with Am. Compl. [D.E. 33 at 8-16]. On November 5, 2021, the Court approved the Second Stipulation and dismissed the twenty named Plaintiffs to whom it applies with prejudice. See Order [D.E. 40].[3]

## THE MOTION TO STRIKE

Defendant asks the Court to strike portions of Plaintiffs' Reply in Support of the Motion for Preliminary Injunction ("Reply") that seek relief not sought in the Motion for Preliminary Injunction. The request at issue reads as follows: "Alternatively, it might be that the government might have plans to place the non-arriving alien named plaintiff(s) in removal proceedings (after getting rid of the arriving alien plaintiffs) to moot their cases as well. As such, the plaintiffs also ask the Court to enjoin the government from commencing removal proceedings against non-arriving alien plaintiffs." See Reply [D.E. 20 at 6] (citations omitted).[4] Essentially, Plaintiffs seek to expand their original request for injunctive relief precluding Defendant from reopening Plaintiffs' adjustment applications to precluding Defendant from commencing removal proceedings as to Plaintiffs deemed to be non-arriving aliens.

In their Opposition to the Motion to Strike ("Opposition"), Plaintiffs acknowledge that they did not seek this relief in their Motion for Preliminary Injunction. See Opposition [D.E. 24 at 3] ("Yes, the plaintiffs' motion (D.E. 4) sought relief in the form of an order prohibiting the agency

---

[3] On November 9, 2021, Plaintiffs filed their Opposed Motion to Add Named-Plaintiffs Under Rules 20(a) and 21 ("Motion to Add Named-Plaintiffs"), seeking to add nineteen additional new named Plaintiffs and to join them on all of Plaintiffs' claims. See Motion to Add Named-Plaintiffs [D.E. 43 at 1-2].
[4] The term "arriving alien" applies to "an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport." 8 C.F.R. § 1.2.

from unilaterally reopening cases to create mootness which could potentially subvert the possibility of class certification."). Plaintiffs also acknowledge in their Opposition the correctness of Defendant's contention that "courts generally do not address arguments or requests for relief raised for the first time in a reply brief." Id. at 2.

Plaintiffs argue, however, that the additional relief sought in their Reply is within the goals of avoiding mootness underpinning their Motion for Preliminary Injunction, and that Defendant cannot claim to be surprised by such requested extension. Nevertheless, with the addition of new named Plaintiffs authorized by the Court, and the completion of briefing on the Motion for Class Certification, the risk of mootness argued by Plaintiffs as justification for their unusual request does not justify deviation from the well-established reply rules. Therefore, the undersigned recommends that the Motion to Strike be granted and the Motion for Preliminary Injunction be limited to its original terms.

## THE MOTION FOR PRELIMINARY INJUNCTION

As previously noted, Plaintiffs' Motion for Preliminary Injunction is entirely predicated on the All Writs Act, which provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The authority to issue an injunction pursuant to the All Writs Act "is to be used sparingly and only in the most critical and exigent circumstances." Wis. Right to Life, Inc. v. Fed. Election Comm'n, 542 U.S. 1305, 1306 (2004) (internal quotations omitted) (citation omitted).

In this case, Plaintiffs invoke the All Writs Act to preliminarily enjoin Defendant from reopening their applications for permanent residence, absent agreement, pending the Court's decision on their Motion for Class Certification, in order for that motion not to become moot. See

Plaintiffs' Motion for Preliminary Injunction [D.E. 4 at 6].  In Klay v. United Healthgroup, Inc., 376 F.3d 1092 (11th Cir. 2004), the Eleventh Circuit explained that, in applying the All Writs Act to "pending proceedings, a court may enjoin almost any conduct 'which, left unchecked, would have . . . the practical effect of diminishing the court's power to bring the litigation to a natural conclusion.'"  Id. at 1102 (quoting ITT Cmty. Dev. Corp. v. Barton, 569 F.2d 1351, 1359 (5th Cir. 1978)).  From Plaintiffs' perspective, the natural conclusion of this litigation involves an adjudication of their Motion for Class Certification so that they can obtain a decision regarding "agency action of wide and national impact upon potentially tens of thousands of Cuban refugees."  See Reply [D.E. 20 at 9] (internal citation omitted).  However, Plaintiffs' invocation of the All Writs Act is flawed for at least two reasons.

First, as noted above, briefing on the Motion for Class Certification has been completed and the Second Stipulation only covers twenty of the forty-three named Plaintiffs listed in the Amended Complaint.  Therefore, Plaintiffs' contention that they require injunctive relief to preclude Defendant from rendering the action moot by unilaterally reopening all of Plaintiffs' applications for permanent residence is, at best, speculative.  Exercising the extraordinary powers afforded by the All Writs Act based on such speculation is not appropriate.  Wis. Right to Life, Inc., 542 U.S. at 1306 (The authority to issue an injunction pursuant to the All Writs Act "is to be used sparingly and only in the most critical and exigent circumstances.").

Further, as argued by Defendant at the October 8, 2021 hearing, Plaintiffs' mootness arguments are subject to the potential application of the relation back doctrine.  As stated by the Eleventh Circuit in Stein v. Buccaneers Ltd. P'ship, 772 F.3d 698 (11th Cir. 2014):

> The relation-back doctrine allows a named plaintiff whose individual claims are moot to represent class members not because the named plaintiff has moved to certify a class but because the named plaintiff will adequately present the class claims and unless the named plaintiff is allowed to do so the class claims will be

6

capable of repetition, yet evading review . . . . What matters is that the named plaintiff acts diligently to pursue the class claims.

Id. at 707.  In seeking to enjoin Defendant from unilaterally reopening Plaintiffs' applications for permanent residence by operation of an All Writs Act injunction, Plaintiffs are attempting to bypass this well-established jurisdictional analysis in favor of an extraordinary remedy.  Thus, the critical and exigent circumstances required for the issuance of an All Writs Act injunction, Wis. Right to Life, Inc., 542 U.S. at 1306, are not present here.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion to Strike [D.E. 23] be GRANTED and that Plaintiffs' Motion for Preliminary Injunction [D.E. 4] be DENIED.

The parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom.  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 10th day of November, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Beth Bloom
      Counsel of Record