UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23213-BLOOM/Otazo-Reyes

YARIBEL RABELO-RODRIGUEZ,
*et al*.,

      Plaintiffs,

v.

UNITED STATES SECRETARY
OF HOMELAND SECURITY,

      Defendant.
_____/

**ORDER ON MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. [4] ("Motion for Preliminary Injunction"), and Defendant United States Secretary of Homeland Security's ("Defendant") Motion to Strike Those Portions of Plaintiffs' Reply Memorandum Which Seek Relief Beyond That Sought in Their Original Motion for a Preliminary Injunction, ECF No. [23] ("Motion to Strike").

In the Motion for Preliminary Injunction, Plaintiffs seek to enjoin Defendant "from unilaterally reopening any of the plaintiffs' applications for permanent residence without an agreement between the parties until the Court has had an opportunity to decide whether a class should be certified in this case." ECF No. [4] at 5. Plaintiffs contend that, absent injunctive relief, Defendant "may seek to unilaterally moot this case by reopening the plaintiffs' applications (and maybe even approving them thereafter) in order to prevent class-wide relief by sweeping this case under the proverbial rug." *Id*. at 6.[1] Defendant filed a Response in Opposition, ECF No. [17]

---

[1] On September 20, 2021, the Parties filed a Joint Stipulation to Temporary Restraining Order whereby

("Response"), to which Plaintiffs filed a Reply, ECF No. [20] ("Reply"). In the Reply, Plaintiffs include the following request:

> Alternatively, it might be that the government might have plans to place the non-arriving alien named plaintiff(s) in removal proceedings (after getting rid of the arriving alien plaintiffs) to moot their cases as well. As such, the plaintiffs also ask the Court to enjoin the government from commencing removal proceedings against non-arriving alien plaintiffs.

ECF No. [20] at 6 (citations omitted). Plaintiffs seek to expand the Motion for Preliminary Injunction – which only sought to preclude Defendant from reopening Plaintiffs' adjustment applications – to also preclude Defendant from commencing removal proceedings for non-arriving aliens. *See id.*

In the related Motion to Strike, Defendant asks the Court to strike portions of Plaintiffs' Reply that seek relief not sought in the Motion for Preliminary Injunction. ECF No. [23]. Plaintiffs filed a Response in Opposition in which they argue that the Motion to Strike should be denied because Plaintiffs were not on notice of the distinction between arriving aliens and non-arriving aliens until Defendant raised the distinction in the Response. ECF No. [24] at 3.

On September 13, 2021, the Motion for Preliminary Injunction was referred to the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. ECF No. [5]. On November 10, 2021, Judge Otazo-Reyes issued her Report and Recommendations recommending that the Motion for Preliminary Injunction be denied, and she recommended that the Motion to Strike be granted. ECF No. [45] ("Report"). The Report further advised the Parties that any objections to the Report were due within fourteen (14) days of being served with a copy. *Id*. at 7; *see also* 28 U.S.C. § 636(b)(1)(C)

---

Defendant agreed that it "will refrain from unilaterally reopening any of the Plaintiffs' applications for permanent residence until the Court issues a final ruling on the Plaintiffs' Preliminary Injunction Motion." ECF No. [12] at 1-2.

("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). On November 24, 2021, Plaintiffs filed their Objections to Report and Recommendation on Their Motion for a Preliminary Injunction. ECF No. [53] ("Objections"). In the Objections, Plaintiffs stress that "[t]he Court should grant a preliminary injunction up and until it rules of [*sic*] the pending motion for class certification." *Id.* at 7. The Objections also note that "the Court should deny the government's motion to strike, and also enjoin the defendant . . . from commencing removal proceedings against any plaintiffs who are not 'arriving aliens' until the Court has had an opportunity to decide whether a class should be certified in this case." *Id.* at 15. The Court has conducted a *de novo* review of the Report, the Objections, the record in this case, the applicable law, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)).

On December 2, 2021, the Court entered the Order on the Motion for Class Certification and Motion to Add Named-Plaintiffs. ECF No. [55]. Because the Motion for Preliminary Injunction and the Motion to Strike were premised on giving the Court an opportunity to decide whether a class should be certified in this case, the Motion for Preliminary Injunction and Motion to Strike are denied as moot.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Court declines to adopt Judge Otazo-Reyes' Report, **ECF No. [45]**, as moot.
2. Plaintiffs' Motion for Preliminary Injunction, **ECF No. [4]**, is **DENIED AS MOOT**.
3. Defendant's Motion to Strike, **ECF No. [23]**, is **DENIED AS MOOT**.

Case No. 21-cv-23213-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 2, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Alicia M. Otazo-Reyes

Counsel of Record