UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23213-BLOOM

**YARIBEL RABELO-RODRIGUEZ**, *et al.*,

    Plaintiffs,

v.

**ALEJANDRO MAYORKAS**, in his official capacity as the United States Secretary of Homeland Security,

    Defendant.
_____/

## JOINT MOTION FOR TEMPORARY STAY OF ACTION

The parties, by and through their respective undersigned counsel, jointly move the Court to temporarily stay this action until Friday, January 14, 2022, and to suspend all current filing deadlines. In support thereof, the parties state as follows:

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "District courts may consider 'several factors when evaluating a request for a stay, including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court.'" *O'Boyle v. Town of Gulf Stream*, No. 19-cv-80196-BLOOM/Reinhart, 2020 WL 3067660, at *2 (S.D. Fla. Mar. 30, 2020) (citation omitted).

Here, each of the factors favor the granting of this motion. Following the Court's Order on Motion for Class Certification and Motion to Add Named-Plaintiffs (D.E. 55), counsel for the

1

parties had a preliminary discussion regarding the Court's ruling. The parties intend to begin discussing a possible resolution of this action, and possible next steps to be taken in this litigation. The amount of time requested by the parties is necessary given the amount of agency components that must confer regarding these topics. Therefore, a stay of this action would help to simplify and clarify the issues, and would help to reduce the burden of litigation on the parties and on the Court. Additionally, given that this is a joint motion, the parties agree that that no prejudice or tactical disadvantage will result from a stay. Last, should the Court grant this motion, the parties will file a status report at the end of the period of stay informing the Court of the outcome of their discussions, and requesting a new scheduling order.

The parties also request that the Court permit the filing of a motion to dismiss certain individual plaintiffs, whose individualized claims are in the process of being resolved, from this action during the stay period, such that the motion could be ruled upon prior to the expiration of the stay requested by the parties.

Based upon the foregoing, the parties jointly move the Court to temporarily stay this action until Friday, January 14, 2022, and to suspend all current filing deadlines.

| | |
|---|---|
| November 4, 2021 | Respectfully submitted, |
| **s/ Mark Andrew Prada** | BRIAN M. BOYNTON |
| Fla. Bar No. 91997 | Acting Assistant Attorney General |
| **Anthony Richard Dominguez** | |
| Fla. Bar No. 1002234 | WILLIAM C. PEACHEY |
| Prada Urizar, PLLC | Assistant Director |
| 3191 Coral Way, Suite 500 | |
| Miami, FL 33145 | */s/ Elissa Fudim* |
| o. (786) 703-2061 | ELISSA FUDIM |
| c. (786) 238-2222 | Trial Attorney |
| c. (440) 315-4610 | U.S. Department of Justice, Civil Division |
| mprada@pradaurizar.com | Office of Immigration Litigation, |
| adominguez@pradaurizar.com | District Court Section |
| | P.O. Box 868, Ben Franklin Station |
| **Claudia Canizares** | Washington, D.C. 20044 |

Fla. Bar No. 98308
Canizares Law Group, LLC
8360 W. Flagler St., Suite 103
Miami, FL 33144
o. 305.680.0038
claudia@abogadadeinmigracion.us

*Counsel for Plaintiffs*

Tel: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov

*Counsel for Defendant*